1  Felicia A. Espinosa, SBN 267198
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2  2115 Kern Street, Suite 370
   Fresno, California 93721
3  Telephone: (559) 441-8721; Facsimile (559) 441-0724
   E-mail: fespinosa@crla.org
4
   Attorneys for Plaintiffs REGINO PRIMITIVO GOMEZ,
5              . . . and, ANDRES RAMIREZ
6  *Additional Counsel Listed on Signature Page
7
8              **UNITED STATES DISTRICT COURT**
9              **EASTERN DISTRICT OF CALIFORNIA**

10  REGINO PRIMITIVO GOMEZ; MARICELA
    BAUTISTA MARTINEZ; ZEFERINO
11  FERNANDEZ GONZALEZ; CARLOS CRUZ
    CORTES; APOLINAR PRIMITIVO GOMEZ;
12  JACINTA ROJAS; EUGENIA LOPEZ
    MARTINEZ; NATALIA LOPEZ; MARIANO
13  PRIMITIVO MARTINEZ; ERIKA
    PRIMITIVO ROJAS; JULIANA MARTINEZ
14  LOPEZ; PEDRO MARTINEZ PRIMITIVO;
    JACINTA MARTINEZ LOPEZ; ZEFERINO
15  PORFIRIO MARTINEZ; AMELIA RUIZ
    JIMENEZ; ADELINA BAUTISTA; TERESA
16  BAUTISTA MERINO; JAVIER CRUZ
    NICOLAS; HILARIO HERNANDEZ
17  MARTINEZ; SANTA R. MARTINEZ;
    IGNACIO HERNANDEZ REGINO; IRENE
18  RODRIGUEZ MERINO; ROBERTO
    HERNANDEZ REGINO; REGINA LOPEZ
19  MARTINEZ; MARTHA MARTINEZ
    PATRICIO; VALENTIN PATRICIO LOPEZ;
20  MARCELINA PORFIRIO LOPEZ; ANDRES
    RAMIREZ; and, MARIO PATRICIO
21  MARTINEZ; Individuals,
                                    Plaintiffs,
22  vs.

23  H & R GUNLUND RANCHES, INC., a
    California Corporation; and DOES 1 through
24  10, Inclusive,
                                    Defendants.

CASE No.:  1:10-cv-01163-LJO-GSA

**FIRST AMENDED COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Liquidated Damages for Failure to Pay Minimum Wage;
3. Failure to Pay Overtime;
4. Failure to Provide Rest Periods;
5. Failure to Provide Meal Periods;
6. Failure to Provide Necessary Tools;
7. Failure to Pay All Wages Upon Discharge
8. Failure to Provide Itemized Wage Statements;
9. Failure to Provide Employee Records
10. Violation of Fair Labor Standards Act;
11. Violation of Migrant Agricultural Worker Health Protection Act.
12. Unlawful Competition Pursuant to Bus. & Profs. Code 17200, et seq.;
13. Penalties under Labor Code § 2699

25      Plaintiffs REGINO PRIMITIVO GOMEZ, MARICELA BAUTISTA MARTINEZ,

26  ZEFERINO FERNANDEZ GONZALEZ, CARLOS CRUZ CORTES, APOLINAR PRIMITIVO

**FIRST AMENDED COMPLAINT**                                    Page 1

1   GOMEZ, JACINTA ROJAS, EUGENIA LOPEZ MARTINEZ, NATALIA LOPEZ, MARIANO

2   PRIMITIVO MARTINEZ, ERIKA PRIMITIVO ROJAS, JULIANA MARTINEZ LOPEZ, PEDRO

3   MARTINEZ PRIMITIVO, JACINTA MARTINEZ LOPEZ, ZEFERINO PORFIRIO MARTINEZ,

4   AMELIA RUIZ JIMENEZ, ADELINA BAUTISTA, TERESA BAUTISTA MERINO, JAVIER

5   CRUZ NICOLAS, HILARIO HERNANDEZ MARTINEZ, SANTA R. MARTINEZ, IGNACIO

6   HERNANDEZ REGINO, IRENE RODRIGUEZ MERINO, ROBERTO HERNANDEZ REGINO;

7   REGINA LOPEZ MARTINEZ, MARTHA MARTINEZ PATRICIO, VALENTIN PATRICIO

8   LOPEZ, MARCELINA PORFIRIO LOPEZ, ANDRES RAMIREZ, MARIO PATRICIO

9   MARTINEZ (hereafter "PLAINTIFFS"), complain of Defendants H & R GUNLUND RANCHES,

10   INC, and DOES 1-10, inclusive, as follows:

11                               **INTRODUCTION**

12        1.      PLAINTIFFS, former employees of H & R GUNLUND RANCHES, INC. and DOES

13   1-10, inclusive (hereinafter "Defendants"), bring this action to recover unpaid statutory and contract

14   wages due, plus applicable interest and penalties and seek injunctive relief pursuant to their rights

15   under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 et seq.

16   (hereinafter "AWPA"), the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq. (hereinafter "FLSA"),

17   and California law.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to bring this action as a collective

18   action on behalf of all similarly situated workers employed by Defendants.

19        2.      Defendants are engaged in the agricultural business of growing tree nuts and grapes

20   on land located primarily in Fresno County.

21        3.      Plaintiffs complain that Defendants paid Plaintiffs and other employees at piece rates

22   that totaled less than the Federal and California minimum wages and failed to pay Plaintiffs their full

23   wages owed at the time of discharge. Plaintiffs also complain that Defendants committed various

24   other violations of state and federal law by failing to provide required rest and meal periods, failing

25   to provide reimbursements for necessary tools and equipment to perform the work, and failing to list

26   employees' total hours worked and the number of piece rate units earned with the applicable piece

1   rate on the employees' wage statements.

2       4.      Plaintiffs complain that Defendants' practices constitute unfair business practices

3   under California's Unfair Competition Law, Business and Professions Code §§ 17200, et seq.

4   Plaintiffs further complain that Defendants' violations of state and federal labor protection laws are

5   unlawful acts which have afforded Defendants an unfair competitive advantage.  Pursuant to that

6   statutory scheme, Plaintiffs seek restitution for themselves and injunctive remedies barring those

7   practices, and reasonable attorneys' fees and costs pursuant to, *inter alia*, Labor Code §§ 218.5,

8   226(e), 1194(a), 2804, 29 U.S.C. §216(b) of the FLSA, and Code of Civil Procedure § 1021.5 for

9   Plaintiffs' counsel.

10                              **JURISDICTION AND VENUE**

11      5.      This action is a civil action over which this Court has jurisdiction based on general

12  federal question jurisdiction pursuant to 28 U.S.C. § 1331. It contains causes of action founded upon

13  federal laws together with pendent and related state law claims. 28 U.S.C. § 1367(a).

14      6.      Venue is proper in this Court. The County of Fresno is the county in which

15  Defendants conduct business and where the incidents at issue in this complaint took place. Pursuant

16  to Eastern District Local Rule 120(d), all civil actions and proceedings of every nature and kind

17  cognizable by the United States Eastern District Court for the Eastern District of California arising

18  in Fresno County shall be commenced in the United States District Court sitting in Fresno,

19  California.

20                                      **PLAINTIFFS**

21      7.      Plaintiff REGINO PRIMITIVO GOMEZ, at all times relevant, was and is a resident

22  of Madera County, California.  He was seasonally employed in Fresno County by Defendants from

23  approximately November 2006 through approximately December 3, 2009.

24      8.      Plaintiff MARICELA BAUTISTA MARTINEZ, at all times relevant, was and is a

25  resident of Madera County, California.  She was seasonally employed in Fresno County by

26  Defendants from approximately November 16, 2009 through approximately December 3, 2009.

---

**FIRST AMENDED COMPLAINT**                                                      Page 3

1   9.  Plaintiff ZEFERINO FERNANDEZ GONZALEZ, at all times relevant, was and is

2 a resident of Madera County, California.  He was seasonally employed in Fresno County by

3 Defendants from approximately November 2003 through approximately December 3, 2009.

4   10.  Plaintiff CARLOS CRUZ CORTES, at all times relevant, was and is a resident of

5 Madera County, California.  He was seasonally employed in Fresno County by Defendants  in 2001,

6 2008 and 2009 through approximately November 22, 2009.

7   11.  Plaintiff APOLINAR PRIMITIVO GOMEZ, at all times relevant, was and is a

8 resident of Madera County, California.  He was seasonally employed in Fresno County by

9 Defendants from approximately November 2003 through approximately December 3, 2009.

10   12.  Plaintiff JACINTA ROJAS, at all times relevant, was and is a resident of Madera

11 County, California.  She was seasonally employed in Fresno County by Defendants from

12 approximately November 2003 through approximately December 3, 2009.

13   13.  Plaintiff EUGENIA LOPEZ MARTINEZ, at all times relevant, was and is a resident

14 of Madera County, California.  She was seasonally employed by Defendants in Fresno County from

15 approximately November 2003 through approximately December 3, 2009.

16   14.  Plaintiff NATALIA LOPEZ, at all times relevant, was and is a resident of Madera

17 County, California.  She was seasonally employed by Defendants in Fresno County from

18 approximately November 2004 through approximately December 3, 2009.

19   15.  Plaintiff ERIKA PRIMITIVO ROJAS, at all times relevant, was and is a resident of

20 Madera County, California.  She was seasonally employed in Fresno County by Defendants from

21 approximately November 2008 through approximately December 3, 2009.

22   16.  Plaintiff JULIANA MARTINEZ LOPEZ, at all times relevant, was and is a resident

23 of Madera County, California.  She was seasonally employed in Fresno County by Defendants from

24 approximately November 2003 through approximately December 3, 2009.

25   17.  Plaintiff PEDRO MARTINEZ PRIMITIVO, at all times relevant, was and is a

26 resident of Madera County, California.  He was seasonally employed in Fresno County by

1 | Defendants from approximately November 2004 through approximately December 3, 2009.

2 |   18.   Plaintiff JACINTA MARTINEZ LOPEZ at all times relevant, was and is a resident

3 | of Madera County, California.  She was seasonally employed in Fresno County by Defendants from

4 | approximately November 2004 through approximately December 3, 2009.

5 |   19.   Plaintiff ZEFERINO PORFIRIO MARTINEZ, at all times relevant, was and is a

6 | resident of Madera County, California.  He was seasonally employed in Fresno County by

7 | Defendants from approximately November 2003 through approximately December 3, 2009.

8 |   20.   Plaintiff MARIANO PRIMITIVO MARTINEZ, at all times relevant, was and is a

9 | resident of Madera County, California.  He was seasonally employed in Fresno County by

10 | Defendants from approximately November 2004 through approximately December 3, 2009.

11 |   21.   Plaintiff AMELIA RUIZ JIMENEZ, at all times relevant, was and is a resident of

12 | Madera County, California.  She was seasonally employed in Fresno County by Defendants in 1999

13 | and from approximately November 16, 2009 through  November 22, 2009.

14 |   22.   Plaintiff ADELINA BAUTISTA, at all times relevant, was and is a resident of Fresno

15 | County, California.  She was seasonally employed in Fresno County by Defendants from

16 | approximately November 2008 through approximately December 3, 2009.

17 |   23.   Plaintiff TERESA BAUTISTA MERINO, at all times relevant, was and is a resident

18 | of Fresno County, California.  She was seasonally employed in Fresno County by Defendants from

19 | approximately November 16, 2009 through approximately December 3, 2009.

20 |   24.   Plaintiff JAVIER CRUZ NICOLAS, at all times relevant, was and is a resident of

21 | Fresno County, California.  He was seasonally employed in Fresno County by Defendants from

22 | approximately November 2004 to March 2005 and November 16, 2009 through approximately

23 | December 3, 2009.

24 |   25.   Plaintiff  HILARIO HERNANDEZ MARTINEZ at all times relevant, was and is a

25 | resident of Fresno County, California.  He was seasonally employed in Fresno County by Defendants

26 | from approximately November 2002 through approximately December 3, 2009.

26.     Plaintiff SANTA R. MARTINEZ at all times relevant, was and is a resident of Fresno County, California.   She was seasonally employed in Fresno County by Defendants from approximately November 2002 through approximately December 3, 2009.

27.     Plaintiff IGNACIO HERNANDEZ REGINO at all times relevant, was and is a resident of Fresno County, California.  He was seasonally employed in Fresno County by Defendants from approximately November 2004 through approximately December 3, 2009.

28.     Plaintiff IRENE RODRIGUEZ MERINO at all times relevant, was and is a resident of Fresno County, California.  She was seasonally employed in Fresno County by Defendants from approximately January 2008 through approximately November 22, 2009.

29.     Plaintiff ROBERTO HERNANDEZ REGINO at all times relevant, was and is a resident of Fresno County, California.  He was seasonally employed in Fresno County by Defendants from approximately November 2005 through approximately November 22, 2009.

30.     Plaintiff REGINA LOPEZ MARTINEZ  at all times relevant, was and is a resident of Madera County, California.  She was seasonally employed in Fresno County by Defendants from approximately November 2003 through approximately December 3, 2009.

31.     Plaintiff MARTHA MARTINEZ PATRICIO  at all times relevant, was and is a resident of Madera County, California.   She was seasonally employed in Fresno County by Defendants from approximately November 16, 2009 through approximately December 3, 2009.

32.     Plaintiff VALENTIN PATRICIO LOPEZ at all times relevant, was and is a resident of Madera County, California.  He was seasonally employed in Fresno County by Defendants from approximately November 2006 through approximately December 3, 2009.

33.     Plaintiff MARCELINA PORFIRIO LOPEZ  at all times relevant, was and is a resident of Madera County, California.   She was seasonally employed in Fresno County by Defendants from approximately January 2008 through approximately January 2009.

34.     Plaintiff ANDRES RAMIREZ at all times relevant, was and is a resident of Madera County, California.   He was seasonally employed in Fresno County by Defendants from

1   approximately November 16, 2009 through approximately December 3, 2009.

2       35.    Plaintiff MARIO PATRICIO MARTINEZ at all times relevant, was and is a resident

3   of Madera County, California.  He was seasonally employed in Fresno County by Defendants from

4   approximately November 2004 through approximately December 3, 2009.

5   **DEFENDANTS**

6       36.    Defendant H & R GUNLUND RANCHES, INC is a California Corporation and at

7   all relevant times was doing business in Fresno County, California.  The registered California

8   address for H & R GUNLUND RANCHES, INC. is 3510 W. Saginaw, Caruthers, CA 93609.  H &

9   R GUNLUND RANCHES, INC regularly conducts business in Fresno County.

10       37.    Plaintiffs are ignorant of the true names or capacities of the Defendants sued herein

11   under the fictitious names of DOES 1 through 10, inclusive, and therefore sue said Defendants under

12   such fictitious names.  Plaintiffs will amend this complaint to allege the true names or capacities of

13   said Defendants once they have been ascertained.  Plaintiffs are informed and believe and therefore

14   allege that Defendant H & R GUNLUND RANCHES, INC and each of the fictitiously named

15   Defendants are responsible in some manner for the occurrences alleged herein and that the damages

16   alleged herein were proximately caused by their conduct.

17       38.    On information and belief, and at all times mentioned herein, each of the Defendants

18   was the agent of every other Defendant.  All acts alleged to have been committed by any Defendant

19   were committed on behalf of every other Defendant.  At all times mentioned herein, each alleged act

20   was committed by Defendants, and/or agents, servants, or employees of Defendants, and Defendants

21   directed, authorized or ratified each such act.  On information and belief, and at all times mentioned

22   herein, each of the Defendants aided and abetted every other Defendant in the commission of acts

23   alleged herein.  Plaintiffs are informed and believe and thereon allege that Defendants and each of

24   the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged

25   and that the damages as herein alleged were proximately caused by their conduct.

26   / / / / / / / /

## FACTS

39.     On information and belief, at all times relevant, each Defendant employed Plaintiffs as well as at least forty additional farmworkers pursuant to oral employment contracts to perform the work of pruning and tying grape vines in Caruthers, California from at least May, 2006 through the present.  Each Defendant paid each Plaintiff and other employees at the piece rate of $0.20 for pruning and tying each grape vine.

40.     On information and belief, at all times relevant herein, each Defendant recruited, solicited, hired, employed migrant and/or seasonal agricultural workers and was an employer pursuant to 8 California Code of Regulations § 11140(2)(G).

41.     At all times relevant, each Defendant directly or indirectly or through an agent or other person engaged, suffered or permitted to work Plaintiffs and other employees.

42.     At all times relevant, each Defendant has directly or indirectly or through an agent or other person exercised control over the wages, hours or working conditions of Plaintiffs and other employees.

43.     Plaintiffs and other similarly employed people periodically worked for each Defendant during the grape pruning seasons from 2006 through the present and were paid  less than the minimum wage required by 8 California Code of Regulations §11140(4)(B).

44.     Defendants failed to compensate Plaintiffs and, upon information and belief, other current or former employees for all hours worked as required by California and federal law.

45.     Defendants failed to fully compensate Plaintiffs for hours worked during the period from November 16, 2009 through November 22, 2009.  Plaintiffs worked approximately 63 hours during this period.  Some of the Plaintiffs returned to work on December 2, 2009 and December 3, 2009.  Plaintiffs worked approximately 12 to 15 hours during this period and Defendants paid them zero wages.

46.     Throughout Plaintiffs' employment with Defendants, Defendants failed to provide required rest and meal periods to Plaintiffs and, upon information and belief, to other current or

1  former employees.

2      47.    Throughout Plaintiffs' employment, Defendants failed to provide properly itemized

3  wage statements to Plaintiffs, and, upon information and belief, to other current or former

4  employees.

5      48.    Throughout Plaintiffs' employment, Defendants failed to provide or reimburse

6  Plaintiffs for necessary tools and equipment such as pruning shears, replacement blades and gloves.

7      49.    Upon discharge of Plaintiffs, Defendants failed to pay all wages owing to Plaintiffs

8  and, on information and belief, to other current or former employees of Defendants.

9      50.    On November 24, 2009 the Plaintiffs' legal representatives hand-delivered a written

10  request to Defendants' counsel for the employment records of all Plaintiffs and sent a follow-up

11  letter seeking said records on December 17, 2009.  To this date, Defendants have not provided any

12  records.

13
                                **FIRST CAUSE OF ACTION**
14                          **FAILURE TO PAY MINIMUM WAGE**
                              **(Cal. Lab. Code §§ 1197 and  1182.12;**
15                          **Cal. Code of Regulations §§ 11140 *et seq*.)**

16      51.    Plaintiffs incorporate paragraphs 1 through 50, inclusive, as though fully re-alleged

17  herein.

18      52.    Section 4 of 8 Cal. Code of Regulations § 11140 et seq. and Cal. Lab. Code § 1197

19  require that employers pay each employee no less than the statutory minimum wage for all hours

20  worked.

21      53.    At times relevant, each Defendant has failed to pay the minimum hourly wage,

22  currently set by Cal. Lab. Code § 1182.12 at $8.00 per hour for all hours worked, to Plaintiffs and,

23  on information and belief, to other employees.

24      54.    Pursuant to Cal. Lab. Code § 1194 and § 218.6, Plaintiffs are entitled to recover the

25  unpaid balance of the full amount of the minimum wage, and interest thereon in an amount to be

26  proven at trial.

---

**FIRST AMENDED COMPLAINT**                                                    Page 9

55. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation in amounts to be determined at trial, and are entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

## SECOND CAUSE OF ACTION
## LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGE
### (Cal. Lab. Code § 1194.2)

56. Plaintiffs incorporate paragraphs 1 through 55, inclusive as thoughfully re-alleged herein.

57. As a direct and proximate result of each Defendant's actions as alleged herein, Plaintiffs are entitled to recover penalties in the form of liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2. The exact amount of liquidated damages owing will be determined at trial.

58. As a result of Defendants' unlawful acts, Plaintiffs are also entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194, for plaintiffs' counsel.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY OVERTIME
### Violation of Cal. Lab. Code § 1198;
### (Cal. Code Regs., Tit. 8 § 11140; IWC Wage Order 14(3))

59. Plaintiffs incorporate by reference paragraphs 1 through 58 as if fully set forth herein, and further allege that:

60. At all times relevant to this action, Plaintiffs worked as agricultural workers for Defendants in Fresno County more than ten (10) hours in a workday, and/or more than sixty (60) hours in a workweek.

61. At all times relevant to this action, each Defendant failed to pay Plaintiffs premium overtime wages for all hours worked in excess of the ten (10) in a workday and/or sixty (60) hours in a workweek, in violation of Industrial Welfare Commission Wage Order 14, 8 California Code of Regulations § 11080 and California Labor Code § 1198.

62.     As a result of each Defendant's failure to provide Plaintiffs with overtime pay in accordance with California law, Plaintiffs were deprived of wages due to them in amounts to be proven at the time of trial.

63.     As a result of Defendants' failure to pay overtime wages, Plaintiffs are also entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194, for plaintiffs' counsel.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE REQUIRED REST PERIODS
**(IWC Wage Order No. 14, 8 Cal. Code Regulations § 11140 et seq.**
**and Cal. Lab. Code § 226.7)**

64.     Plaintiffs incorporate paragraphs 1 through 63, inclusive, as though fully re-alleged herein.

65.     At all times relevant, Plaintiffs and, upon information and belief, other current and former employees, regularly worked  ten (10) or more hours per day in the agricultural fields owned and/or operated by Defendants.

66.     At all times relevant, each Defendant systematically failed to authorize or permit Plaintiffs and, upon information and belief, other current and former employees to take rest periods in accordance with (hereinafter "IWC") Wage Order No. 14, 8. Cal. Code of Regulations §11140 and Cal. Lab. Code §226.7. Each Defendant and/or its authorized supervisors failed to properly execute the rest period requirements of the law causing Plaintiffs, and upon information and belief, other current and former employees, to work periods of  four (4) or more hours each day without at least a ten (10) minute rest period as required by law.

67.     As a result of the Defendants' practices, Plaintiffs, and upon information and belief, other current and former employees are entitled to receive compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each rest period denied, as provided by Cal. Lab. Code §226.7 in an amount to be proved at trial.

/ / / / / / / /

---

**FIRST AMENDED COMPLAINT**

### FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
#### (Labor Code §§ 226.7, and IWC Wage Order 14)

68.     Plaintiffs incorporate paragraphs 1 through 67, inclusive as though fully set forth herein.

69.     Defendants violated Labor Code §§226.7 as well as IWC Wage Order 14. Wage Order 14 at section 11(A) provides, in pertinent part: " Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee"

70.     Labor Code Section 226.7  requires that Defendants provide Plaintiffs all meal periods specified in the applicable wage order and that Plaintiffs are  to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for denied meal periods.

71.     At all times relevant, each Defendant systematically failed to authorize or permit Plaintiffs and, upon information and belief, other current and former employees to take meal periods in accordance with IWC Order No. 14, 8. Cal. Code of Regulations §11140 and Cal. Lab. Code §226.7. Each Defendant and/or its authorized supervisors failed to properly execute the meal period requirements of the law causing Plaintiffs, and upon information and belief, other current and former employees, to work periods of six (6) or more hours each day without a duty-free full thirty (30) minute meal period as required by law.

72.     As a result of the Defendants' practices, Plaintiffs, and upon information and belief, other current and former employees are entitled to receive compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each meal period denied, as provided by Cal. Lab. Code §226.7 in an amount to be proved at trial.

////////

//////

////

### SIXTH CAUSE OF ACTION
**FAILURE TO PROVIDE NECESSARY TOOLS AND EQUIPMENT**
**(IWC Wage Order No. 14, 8 Cal. Code Regulations § 11140 et seq.)**

73.     Plaintiffs incorporate paragraphs 1 through 72, inclusive as though fully set forth herein.

74.     Defendants violated 8 Cal. Code Regulations § 11140 et seq. as well as Wage Order 14. Wage Order 14 at section 9(B) provides, in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

75.     At all times relevant, each Plaintiff earned less than the minimum wage and never earned twice the minimum wage while working for Defendants.

76.     Labor Code § 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. [...] For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Therefore, Plaintiffs are entitled to recovery of attorneys fees and costs.

77.     As a result of the Defendants' practices, Plaintiffs are entitled to receive compensation in an amount equal to expenses paid for pruning shears, replacement blades and gloves to perform the work of pruning and tying, as provided by section 9(B) of Wage Order 14 and the 8 Cal. Code Regulations § 11140 et seq. in an amount to be proved at trial.

/ / / / / / / /

/ / / / / /

---

**FIRST AMENDED COMPLAINT**                                                 Page 13

1

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE UPON DISCHARGE**
**(Cal. Lab. Code §§ 201 and 202)**

2

3       78.     Plaintiffs incorporate paragraphs 1 through 77, inclusive as though fully re-alleged

4   herein.

5       79.     Each Plaintiff was either discharged within the meaning of Cal. Lab. Code § 201 by

6   Defendants or quit within the meaning of Cal. Lab. Code § 202, but was not paid all  wages due

7   pursuant to Cal. Lab. Code §§ 201 or 202.

8       80.     As a result of Defendants' willful failure to pay Plaintiffs all wages due in accordance

9   with Cal. Lab. Code §§ 201 and 202, Plaintiffs are entitled to waiting time penalties pursuant to Cal.

10  Lab. Code § 203 in an amount equal to thirty (30) times their daily rate of pay, together with interest

11  thereon and attorneys' fees and costs, under California Labor Code § 203.

12

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PROVIDE PROPERLY ITEMIZED WAGE STATEMENTS**
**(Cal. Lab. Code § 226(a))**

13

14      81.     Plaintiffs incorporate paragraphs 1 through 80, inclusive as though fully re-alleged

15  herein.

16      82.     At all relevant times, Defendants failed to provide Plaintiffs, and upon information

17  and belief, other employees with properly itemized wage information on each pay period receipt as

18  required by Cal. Lab. Code § 226(a).  Plaintiffs allege that Defendants issued inadequate wage

19  statements by failing to list the employees' total hours worked and the number of piece rate units

20  earned with the applicable piece rate on the employees' wage statements.

21      83.     Cal. Lab. Code § 226(a) requires that employers must furnish itemized wage

22  information on "each pay date."  Employers in violation of § 226(a) are subject to penalty of up to

23  $4,000.00 pursuant to Cal. Lab. Code § 226(e).

24      84.     Industrial Welfare Commission Wage Order 14(7), California Code of Regulations

25  § 11140(7) and Labor Code § 1174 require that each Defendant keep written daily records of each

26  of its employee's hours of work and meal periods and to maintain such records for at least three

1  years; and to maintain an accurate production record of the piece rate operation; and to provide each

2  employee with each periodic itemized wage statement setting forth, among other things, the dates

3  of labor for which payment of wages is made, the total hours of work for which payment of wages

4  is made, the gross and net wages paid, all deductions from those wages, and the name and address

5  of the employer.

6        85.    As a direct and proximate result of each Defendants ' actions as alleged herein,

7  Plaintiffs were injured and suffered losses in amounts to be determined at trial and are entitled to

8  recover actual damages or an amount equal to $50.00 for the first violation, and an additional

9  $100.00 for each additional violation, in an aggregate amount not to exceed $4,000.00, whichever

10  is greater, in an amount to be determined at trial.

11  **NINTH CAUSE OF ACTION**
**FAILURE TO PROVIDE EMPLOYEE RECORDS**

12  **(Cal. Lab. Code § 226(c))**

13        86.    Plaintiffs incorporate paragraphs 1 through 85, inclusive as though fully re-alleged

14  herein.

15        87.    At all relevant times, Defendants failed to respond within 21 calendar days to

16  Plaintiffs' multiple written requests to inspect or copy their employee records as required by Cal.

17  Lab. Code § 226(b) and (c).

18        88.    Cal. Lab. Code § 226(b) requires that employers must afford current and former

19  employees the right to inspect or copy the records pertaining to that current or former employee,

20  upon reasonable request.  Cal. Lab. Code § 226(c) requires that employers must comply with the

21  request no later than 21 calendar days from the date of the request.  Employers in violation of §

22  226(c) are subject to penalty of $750.00 pursuant to Cal. Lab. Code § 226(f).

23        89.    As a result of Defendants' failure to permit Plaintiffs to copy or inspect records sought

24  as required by Cal. Lab. Code § 226(b) and (c), Plaintiffs are entitled to a $750.00 penalty from the

25  employer under Cal. Lab. Code § 226(f).

26  / / / / / / / /

---

1

### TENTH CAUSE OF ACTION
**VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)**
**(29 U.S.C. § 201 et seq.)**

2

3     90.     Plaintiffs incorporate paragraphs 1 through 89, inclusive as though fully re-alleged

4     herein.

5     91.     At all times relevant to this action, Plaintiffs and other employees were engaged in

6     commerce or in the production of goods in commerce, or employed in an enterprise engaged in

7     commerce or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §

8     207(a)(1).

9     92.     At all times relevant to this action, Plaintiffs and others were employed by each

10    Defendant within the meaning of the FLSA at 29 U.S.C. § 203(d)  and were entitled to, but did not

11    receive the Federal  minimum wage for every hour worked.

12    93.     As a consequence of Defendants' willful violations of their rights under the FLSA,

13    29 U.S.C. §207(a), Plaintiffs themselves and for and on behalf of other employees similarly situated

14    seek, unpaid federally mandated minimum wages, an additional amount in liquidated damages, relief

15    for violations of their state labor law rights, and costs of court, pursuant to 29 U.S.C. §216 (b),

16    reasonable attorney's fees pursuant to 29 U.S.C. §216(b) of the FLSA.

17

18

### ELEVENTH CAUSE OF ACTION
**VIOLATION OF MIGRANT AND SEASONAL AGRICULTURAL**
**WORKER PROTECTION ACT (AWPA);**
**(29 U.S.C. § 1801 et seq. and 29 C.F.R. § 500 et seq.)**

19

20    94.     Plaintiffs incorporate paragraphs 1 through 93, inclusive as though fully re-alleged

21    herein.

22    95.     At all times relevant to this action, each Plaintiff was a "seasonal agricultural worker"

23    within the meaning of AWPA, 29 U.S.C. § 1802(10)(A) in that they were employed in agriculture

24    of a seasonal nature and was not required to be absent overnight from their permanent places of

25    residence.

26    96.     At all times relevant to this action, Defendants were each "agricultural employers"

---

**FIRST AMENDED COMPLAINT**                                                    Page 16

1   within the meaning of 29 U.S.C. § 1802(2).

2       97.    Defendants intentionally violated the rights of Plaintiffs and other employees under

3   the AWPA, inter alia, by:

4       a.    failing to post notice at the job site stating the workers' rights under AWPA,

5   as required by 29 U.S.C. § 1831(b) as well as 29 C.F.R. §§ 500.75(c) and 500.76(d)(1);

6       b.    failing to pay Plaintiffs the wages owed to him or her when due as required

7   by 29 U.S.C §1832(a);

8       c.    failing to include the basis on which wages are paid, the number of piecework

9   units earned, the number of hours worked and the employer identification number assigned by the

10  Internal Revenue Service on the pay statements as required by 29 U.S.C. § 1831(c)(2) as well as 29

11  C.F.R. § 500.80(d); and,

12      d.    failing to comply with the working arrangements made by the Defendant with

13  Plaintiffs including without limitation the agreement to comply with state laws regarding payment

14  of wages, deductions and withholding, meals and rest periods, reporting and posting requirements

15  in violation of 29 U.S.C. § 1832(c).

16      98.    For each such violation of the AWPA, the Plaintiffs and others are entitled to recover

17  their actual damages or up to $500 per violation in statutory damages.

18  **TWELFTH  CAUSE OF ACTION**
    **UNLAWFUL COMPETITION**
19  **(Bus. & Profs. Code §§ 17200, et seq.)**

20      99.    Plaintiffs incorporate by reference paragraphs 1 through 98 as though fully re-alleged

21  herein.

22      100.    Plaintiffs sue for their own individual interest pursuant to Business and Professions

23  Code §§ 17200 et seq.  Plaintiffs suffered an injury-in-fact and have lost money as a result of

24  Defendants' unfair competition alleged herein.

25      101.    Plaintiffs were not paid minimum and contractual wages due in violation of IWC

26  Wage Order No. 14, 8 Cal. Code of Regulations §11140 and the Labor Code. As  a  direct and

1    proximate result of the acts and/or omissions of the Defendants, the Plaintiffs have been deprived

2    of wages due in an amount to be proven at trial.

3        102.    At all times relevant herein, California Industrial Welfare Commission Wage Order

4    14 (Title 8, Cal. Code of Regulations, Section 11140) which applies to agricultural occupations

5    required that the Defendant pay all employees for all hours worked.  The Defendants failed to pay

6    the Plaintiffs all hours worked.

7        103.    Defendants failed to provide Plaintiff and, on information and belief, other employees

8    rest and meal periods in accordance with IWC Order No. 14(11) and (12), 8. Cal. Code of

9    Regulations §11140.  As a result of the Defendants' practices, Plaintiff and all similarly employed

10   people are entitled to receive compensation in an amount equal to one hour of additional wages at

11   the applicable rate of pay for each rest period that was not compensated pursuant to IWC Wage

12   Order No. 14.

13       104.    Plaintiffs were not paid minimum and contractual wages owed for all hours worked

14   in violation of IWC Wage Order No. 14 (Title 8 Cal. Code of Regs. §11140) and Cal. Lab. Code §§

15   1182.12; 1194; and 1194.2; were not compensated for mandatory rest and meal periods in violation

16   of  IWC Order No. 14,§§ (11) and (12), 8. Cal. Code of Regulations §§11140 and Cal. Lab. Code

17   § 226.7; were not paid all wages due upon discharge in violation of Lab. Code §§201 or 202; and

18   were not paid  all minimum  wages due pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216.

19   Defendants also failed to comply with the notice, posting and record requirements imposed upon

20   Defendants in violation of Lab. Code   § 226 and 29 U.S.C. §§ 1821, et seq. As a direct and

21   proximate result of the acts and/or omissions of the Defendants the Plaintiffs have been deprived of

22   wages in an amount to be proven at trial.

23       105.    Defendants failed to pay Plaintiffs their federally mandated minimum wages, in

24   violation of the Fair Labor Standards Act, 29 U.S.C. 206(a).  Plaintiffs are therefore entitled to

25   payment of those minimum wages.

26       106.    Defendants intentionally violated Plaintiff's and other employees' rights under the

Agricultural Worker Protection Act, inter alia, by:

      a.     failing to post notice at the job site stating the workers' rights under AWPA, as required by 29 U.S.C. § 1831(b) as well as 29 C.F.R. §§ 500.75(c) and 500.76(d)(1);

      b.     failing to pay Plaintiff the wages owed to him or her when due as required by 29 U.S.C §1832(a);

      c.     failing to include the basis on which wages are paid, the number of piecework units earned, the number of hours worked and the employer identification number assigned by the Internal Revenue Service on the pay statements provided to Plaintiffs as required by 29 U.S.C. § 1831(c)(2) as well as 29 C.F.R. § 500.80(d); and,

      d.     failing to comply with the working arrangements made by the Defendant with Plaintiff including without limitation the agreement to comply with state and federal laws establishing minimum health and safety requirements for job sites and state laws regarding payment of wages, deductions and withholding, meals and rest periods, reporting and posting requirements in violation of 29 U.S.C. § 1832 (c).

107.    The Defendants by the acts and omissions alleged herein have committed and are committing unlawful and unfair competition.

108.    The Defendants by the acts and omissions alleged herein have injured and are injuring the interest of the general public in that:

      a.     The Plaintiffs were deprived unlawfully of wages and other benefits of employment in amounts to be proven at trial; and,

      b.     Other employers who have been or currently are employing workers and attempting to do so in honest compliance with applicable wage and hour laws (including the laws violated by the Defendants) are at an unfair competitive disadvantage as a result of the Defendants' conduct.

109.    The Plaintiffs are entitled to restitution of their wages and the economic value of benefits unlawfully denied them by the Defendants in an amount to be determined at trial. In

1  addition, the Plaintiffs are entitled to and Plaintiffs seek preliminary and permanent injunctive relief.

2      110.   Injunctive relief is proper as provided by Bus. & Prof. Code § 17204.

3                              **THIRTEENTH CAUSE OF ACTION**
   **(Enforcement of Penalties Pursuant to the Labor Code §§ 2699 *et seq.*, Private Attorney's**
4                              **General Act of 2004)**

5      111.   Plaintiffs incorporate by reference paragraphs 1 through 110 as though fully re-

6  alleged herein.

7      112.   Plaintiffs are aggrieved employees as defined in Cal. Lab. Code §2699(a).

8      113.   Plaintiffs are informed and believe and thereon allege that each Defendant committed

9  the following violations of the California Labor Code against Plaintiffs and, on information and

10 belief, against other current or former employees while employed by Defendants:

11          a.    Defendants violated Cal. Lab. Code §201 and 202 by failing to pay Plaintiffs

12 and, on information and belief, other current and former aggrieved employees of Defendants all

13 wages due on the date of the employee's involuntary termination or within 72 hours of receipt of

14 notice of employee's voluntary termination.

15          b.    Defendants violated Cal. Lab. Code § 226.7(a) by failing to provide adequate

16 rest and meal periods to Plaintiffs and, on information and belief, to other current and former

17 employees of Defendants.

18          c.    Defendants violated Cal. Lab. Code §§ 205.5 and 216 by failing to pay the

19 applicable contract wages when due to Plaintiffs, and on information and belief, other current and

20 former employees of Defendants, for all hours worked.

21          d.    Defendants violated Cal. Lab. Code §§ 205.5, 216, 558, 1182.12, and 1197

22 and provisions of Industrial Welfare Commission Wage Order 14 by failing to pay the applicable

23 minimum wage when due to Plaintiffs, and on information and belief, other current and former

24 employees of Defendants, for all hours worked.

25          e.    Defendants violated Cal. Lab. Code §§ 226(a) by failing to provide properly

26 itemized wage information to Plaintiffs and, on information and belief, to other current and former

1    employees of Defendants.

2         f.    Defendants violated Cal. Lab. Code § 226(c) by failing to provide employee

3    records requested by the Plaintiffs within 21 calendar days of the initial request.

4         g.    Defendants violated Cal. Lab. Code § 207 by failing to post a notice stating

5    the regular pay days and the time and place of payment.

6    114.   Cal. Lab. Code § 2699(f) provides:

7         For all provisions of this code except those for which a civil penalty is specifically

8    provided, there is established a civil penalty for a violation of these provisions, as follows: "... (2)

9    If, at the time of the alleged violation, the person employs one or more employees, the civil penalty

10   is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation

11   and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

12   violation."

13   115.   Pursuant to Cal. Lab. Code § 2699.3(a) prior to the filing of this complaint, Plaintiffs

14   gave written notice by certified mail to each Defendant and the Labor Workforce Development

15   Agency (LWDA) of the factual and legal basis for the labor law violations alleged in this complaint.

16   116.   On July 8, 2010, the LWDA informed all parties that it would not be investigating

17   the allegations in this complaint. As such, Plaintiffs amend this complaint in accordance with Labor

18   Code § 2699.3 (a)(2)(c).

19                          **PRAYER FOR RELIEF**

20   WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

21   **AS TO THE FIRST CAUSE OF ACTION:**

22   1.    An award to Plaintiffs of the unpaid balance of the full amount of the minimum

23   wages due  pursuant to Cal. Lab. Code § 1194(a); interest pursuant to Cal. Lab. Code § 218.6.

24   **AS TO THE SECOND CAUSE OF ACTION:**

25   2.    For an award of liquidated damages in an amount equal to unpaid minimum wages,

26   according to proof, plus interest on that amount.

---

**FIRST AMENDED COMPLAINT**

**AS TO THE THIRD CAUSE OF ACTION:**

3.      For an award of all unpaid overtime wages in an amount to be proven at trial.

**AS TO THE FOURTH CAUSE OF ACTION:**

4.      One additional hour of wages for each rest period violation in an amount to be determined at trial.

**AS TO THE FIFTH  CAUSE OF ACTION:**

5.      One additional hour of wages for each meal period violation in an amount to be determined at trial.

**AS TO THE SIXTH CAUSE OF ACTION:**

6.      An award to Plaintiffs of expenses paid for tools and equipment necessary to perform the work for Defendants pursuant to Cal. Code Regulations § 11140 et seq. and Wage Order 14 in an amount to be determined at trial.

**AS TO THE SEVENTH  CAUSE OF ACTION:**

7.      An award to Plaintiffs of an amount equal to 30 times their daily rate of pay as penalties pursuant to Cal. Lab. Code § 203, in amounts to be proven at trial.

**AS TO THE EIGHTH  CAUSE OF ACTION:**

8.      An award of fifty dollars ($50.00) for the first failure to provide an itemized wage statement to each Plaintiff and one hundred dollars ($100.00) for each subsequent violation to Plaintiffs, not to exceed a maximum of four thousand dollars ($4,000.00), plus reasonable costs.

**AS TO NINTH CAUSE OF ACTION:**

9.      An award to each Plaintiff in the amount of $750.00 as penalties pursuant to Cal. Lab. Code § 226(f).

**AS TO THE TENTH CAUSE OF ACTION:**

10.      Permission to allow this action to proceed as a representative action pursuant to 29 U.S.C. § 216(b), for all workers whose wages  were below the applicable FLSA minimum wage from March 2007 through the present;

11.     An award to each Plaintiff and other employees for the unpaid balance of the full amount of the federal minimum wages, interest thereon, and costs of suit and liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon, and an amount for violations of their state labor law rights, in an amount to be proven at trial;

12.     An entry of declaratory judgment that each Defendant violated the rights of each Plaintiff under the FLSA.

**AS TO THE ELEVENTH CAUSE OF ACTION:**

13.     An entry of declaratory judgment that each Defendant violated the rights of each Plaintiff under the AWPA, and an award to the Plaintiffs and other employees of their actual damages or, alternatively, statutory damages of $500 per person per violation for the Defendants' violations of the AWPA.

**AS TO THE TWELFTH  CAUSE OF ACTION:**

14.     A preliminary and permanent injunction ordering Defendants to cease the unlawful and unfair business practices as heretofore alleged.

15.     For restitution to Plaintiffs in an amount to be proven at trial.

**AS TO THE THIRTEENTH CAUSE OF ACTION:**

16.     For an enforcement and award of penalties to Plaintiffs and other similarly-situated employed people in amounts to be proven at trial.

**AS TO ALL CAUSES OF ACTION:**

17.     For pre- and post-judgment interest at the maximum legal rate of interest for each amount of money due as listed above;

18.     For costs of suit generally, and pursuant to California Code of Civil Procedure § 1021.5; and,

19.     For such other and further relief as this court deems just and proper under the circumstances.

/ / / / / / / /

1      20.     For an award of reasonable attorneys fees.

2   Dated: August 31, 2010              CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

3

4                                       _____
                                        By:    FELICIA A. ESPINOSA

5                                       Attorneys for Plaintiffs REGINO PRIMITIVO GOMEZ,
                                        MARICELA  BAUTISTA  MARTINEZ,  ZEFERINO

6                                       FERNANDEZ GONZALEZ, CARLOS CRUZ CORTES,
                                        APOLINAR  PRIMITIVO  GOMEZ,  JACINTA  ROJAS,

7                                       EUGENIA  LOPEZ  MARTINEZ,  NATALIA  LOPEZ,
                                        MARIANO PRIMITIVO MARTINEZ, ERIKA PRIMITIVO,

8                                       JULIANA  MARTINEZ  LOPEZ,  PEDRO  MARTINEZ
                                        PRIMITIVO, JACINTA MARTINEZ LOPEZ, ZEFERINO

9                                       PORFIRIO  MARTINEZ,  AMELIA  RUIZ  JIMENEZ,
                                        ADELINA BAUTISTA, TERESA BAUTISTA MERINO,

10                                      JAVIER  CRUZ  NICOLAS,  HILARIO  HERNANDEZ
                                        MARTINEZ,     SANTA  R.  MARTINEZ,  IGNACIO

11                                      HERNANDEZ REGINO, IRENE RODRIGUEZ MERINO,
                                        ROBERTO HERNANDEZ REGINO, REGINA LOPEZ

12                                      MARTINEZ,  MARTHA  MARTINEZ  PATRICIO,
                                        VALENTIN PATRICIO LOPEZ, MARCELINA PORFIRIO

13                                      LOPEZ and ANDRES RAMIREZ

14  Dated: August 31, 2010              TALAMANTES/VILLEGAS/CARRERA, LLP

15                                      /s/ (As Authorized On August 31, 2010)_____
                                        By:    R. MICHAEL FLYNN

16                                      Attorneys  for  Plaintiffs  REGINO  PRIMITIVO  GOMEZ,
                                        MARICELA  BAUTISTA  MARTINEZ,  APOLINAR

17                                      PRIMITIVO  GOMEZ,  JACINTA  ROJAS,  NATALIA
                                        LOPEZ,  MARIANO  PRIMITIVO  MARTINEZ,  ERIKA

18                                      PRIMITIVO ROJAS, and MARIO PATRICIO MARTINEZ

19  List of Additional Counsel:

20  *Michael L. Meuter, SBN 161554
    CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

21  3 Williams Road
    Salinas, California  93905

22  Telephone: (831) 757-5674; Facsimile: (831) 757-6212
    E-mail: mmeuter@crla.org

23

24  Attorneys for  REGINO  PRIMITIVO  GOMEZ,  MARICELA BAUTISTA
                   MARTINEZ, ZEFERINO FERNANDEZ GONZALEZ, CARLOS
                   CRUZ CORTES, APOLINAR PRIMITIVO GOMEZ, JACINTA

25                 ROJAS, EUGENIA  LOPEZ  MARTINEZ,  NATALIA  LOPEZ,
                   MARIANO PRIMITIVO MARTINEZ, ERIKA PRIMITIVO ROJAS,

26                 JULIANA MARTINEZ LOPEZ, PEDRO MARTINEZ PRIMITIVO,

**FIRST AMENDED COMPLAINT**                                    Page 24

1    JACINTA MARTINEZ LOPEZ, ZEFERINO PORFIRIO
     MARTINEZ, AMELIA RUIZ JIMENEZ, ADELINA BAUTISTA,
2    TERESA BAUTISTA MERINO, JAVIER CRUZ NICOLAS,
     HILARIO HERNANDEZ MARTINEZ, SANTA R. MARTINEZ,
3    IGNACIO HERNANDEZ REGINO, IRENE RODRIGUEZ
     MERINO, ROBERTO HERNANDEZ REGINO, REGINA LOPEZ
4    MARTINEZ, MARTHA MARTINEZ PATRICIO, VALENTIN
     PATRICIO LOPEZ, MARCELINA PORFIRIO LOPEZ and
5    ANDRES RAMIREZ

6    MARK A. TALAMANTES, SBN 187961
     R. MICHAEL FLYNN, SBN 258732
7    TALAMANTES/VILLEGAS/CARRERA, LLP
     170 Columbus Avenue, Suite 300
8    San Francisco, CA 94133
     Telephone: (415) 989-8000; Facsimile: (415) 989-8028
9    E-mail: mark@e-licenciados.com
            michael@e-licenciados.com
10
     Attorneys for  REGINO PRIMITIVO GOMEZ, MARICELA BAUTISTA
11                   MARTINEZ, APOLINAR PRIMITIVO GOMEZ, JACINTA ROJAS,
                     NATALIA LOPEZ, MARIANO PRIMITIVO MARTINEZ, ERIKA
12                   PRIMITIVO ROJAS, and MARIO PATRICIO MARTINEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

**FIRST AMENDED COMPLAINT**                                    Page 25

## CERTIFICATE OF SERVICE

### UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

**CASE NAME:  <u>Regino Primitivo Gomez, et al. vs. H & R Gunlund Ranches, Inc.</u>**

**CASE No.: 1:10-cv-01163-LJO-GSA**

I, Elizabeth C. Trujillo, declare as follows:

I am employed with the law offices of CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

My business address is 2115 Kern Street, Suite 370, Fresno, California 93721.  I am over the age of

18 years of age, and not a party to this action.

On August 31, 2010, I served the foregoing document described as:

### FIRST AMENDED COMPLAINT

on counsel for Respondents/Defendants and Real Parties in Interest at the following address:

Jason H. Borchers, Esq.  (jborchers@littler.com)
Daniel J. Cravens, Esq. (dcravens@littler.com)
Steven M. Crass, Esq.  (scrass@littler.com)
**LITTLER MENDELSON**
5200 N. Palm Ave., #302
Fresno, CA   93704-2225

[ ]    By Mail in accordance with Federal Rules of Civil Procedure, Rule 5 as follows:
I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under the practice the correspondence would be deposited with the United States Postal Service on that same day in the ordinary course of business with postage thereon fully prepaid at Fresno, California.  Such envelope was sealed and placed for collection and mailing following ordinary business practices.

**[X ]**    BY ELECTRONIC MAIL, I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designation.

[ ]    BY FACSIMILE by transmitting from my business address a true copy thereof from sending facsimile number (559) 441-0724 addressed to the receiving facsimile numbers on the attached service list at (559) 244-7525.  A true copy thereof was transmitted by facsimile and the  transmission reported complete without error.

**[X]**    (FEDERAL) I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made.

Executed on August 31, 2010, Fresno, California.

ELIZABETH C. TRUJILLO