IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINO PRIMITIVO GOMEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> H & R GUNLUND RANCHES, INC., <br><br> Defendant. _____/ | CASE NO. CV F 10-1163 LJO MJS <br><br> **ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND JUDICIAL FACILITATION OF CLASS NOTICE** |

By notice filed on November 9, 2010, 2008, Plaintiffs ("plaintiffs") filed a motion to certify a class in this matter. Plaintiffs also move the Court for facilitation of notice to potential class members. Defendant H&R Gunlund Ranches, Inc. ("Gunlund") filed an opposition on December 1, 2010. Plaintiffs filed a reply on December 8, 2010. The Court thereafter took the motion under submission and vacated the hearing date. On December 14, 2010, Gunlund filed a late objection to plaintiff's evidence. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.   Overview**

Plaintiff's First Amended Complaint ("FAC") alleges in the Tenth Cause of Action a claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210 et seq. Plaintiffs seek to certify a "collective action" for the Tenth Cause of Action.

1

Gunland grows grapes on its farms in Fresno County near the town of Carruthers. Gunlund uses "piece work" to prune and tie its grape vines each winter. In piece work, one employee works one row. After the employee completes pruning and tying an entire row, he or she signs a row card and returns it to the company which uses it to calculate the employees compensation for that work week. (Doc. 17, Opposition p. 2.) Plaintiffs were paid at piece rate wages, which is based on the amount of vines tied and/or vines pruned, regardless of the numbers of hours worked and regardless of minimum wage. (Doc. 21, Moving papers p.2 and Doc. 17, Opposition p. 1.)

The FAC alleges that the approximately 28 named plaintiffs worked for defendant Gunlund during various pruning seasons. Plaintiffs allege that they, and others similarly situated, regularly worked in excess of ten hours per day and sixty hours per week pruning and tying vines, but were not paid minimum wage. (Doc. 21, Moving papers p. 1.) Plaintiffs allege that Gunlund failed to pay them minimum wage as required by the Fair Labor Standards Act ("FLSA").

**B.   The Proposed Class**

Plaintiffs now seek certification of a class based on the unlawful action of failure to pay federally mandated minimum wages.

> "All current and former employees of Defendant H&R Gunlund Ranches, Inc. who have performed the work of pruning and tying grape vines from at least May 22, 2006 through the present."

(Doc. 21, Moving Papers p.1.)

**ANALYSIS AND DISCUSSION**

**A.   Fair Labors Standards Act**

In their Tenth Cause of Action, plaintiffs bring a claim pursuant to 29 U.S.C. §216 (b) on behalf of themselves and others similarly situated for defendant's failure to pay minimum wages under the FLSA. 29 U.S.C. §206. The FLSA requires that employers pay employees a minimum hourly wage. 29 U.S.C. §§ 201-219. The fundamental purpose of the FLSA is "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202.

The FLSA provides that employees in interstate commerce shall be paid at a specified rate per hour. 29 U.S.C. §206(a).

> "Every employer shall pay to each of his employees who in any

> workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> (1) except as otherwise provided in this section, not less than--
>
>> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
>> (B) $6.55 an hour, beginning 12 months after that 60th day; and
>> (C) $7.25 an hour, beginning 24 months after that 60th day . . .

If an employer fails to pay minimum wage, then an aggrieved employee may bring a collective action on behalf of himself and others "similarly situated." 29 U.S.C. § 216(b). Plaintiffs seek to conditionally certify a collective action under this statute.

**1.     Similarly Situated**

To determine whether to certify the class, the main issue to be decided is whether the plaintiffs are sufficiently "similarly situated" to the proposed opt-in plaintiffs that this case may proceed as a collective action. The FLSA allows one or more employees to pursue an action in a representative capacity for "other employees similarly situated." 29 U.S.C. § 216(b). This type of action, known as a "collective action," allows potential class members who are similarly situated to the named plaintiffs to file a written consent with the court to "opt in" to the case. *Morisky v. Public Serv. Elect. and Gas Co.*, 111 F.Supp.2d 493 (D. N.J. 2000).

Section 216(b) of the FLSA does not define the term "similarly situated," and there is little Circuit law on the subject. The Ninth Circuit has not ruled on the issue. As explained in the case of *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002), federal district courts have adopted or discussed at least three approaches to determining whether plaintiffs are "similarly situated" for purposes of § 216(b). *See*, *e.g.*, *Mooney v. Aramak*, 54 F.3d 1207 at 1213 (5th Cir. 1995) (discussing two different approaches adopted by district courts); *Bayles v. American Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1058 (D.Colo.1996). Under the first approach, a court determines, on an ad hoc case-by-case basis, whether plaintiffs are "similarly situated." *Theissen v. GE Capital Corp*; *Mooney*, 267 F.3d at 1102-1103. In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.Colo.1997). In doing so, a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of

a single decision, policy, or plan." *Theissen v. GE Capital Corp*; *Mooney*, 267 F.3d at 1103 (quoting *Bayles*, 950 F.Supp. at 1066). At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated." *See Theissen v. GE Capital Corp*; *Mooney*, 267 F.3d at 1103. During this "second stage" analysis, a court reviews several factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the ADEA before instituting suit." *Id.*

Under the second approach, district courts have incorporated into § 216(b) the requirements of current Federal Rule of Civil Procedure 23. *See Theissen*, 267 F.3d at 1103; *Bayles*, 950 F.Supp. at 1060-61 (discussing cases adopting this approach). In a third approach, district courts have suggested incorporating into § 216(b) the requirements of the pre-1966 version of Rule 23, which allowed for "spurious" class actions. *See Bayles*, 950 F.Supp. at 1064.

*Wynn v. National Broadcasting Co.*, 234 F.Supp. 2d 1067 (C.D. Cal. 2002) echoes this two tier analysis. *Wynn* employed the two tier approach and noted the lenient standard for ruling on class certification at the notice stage. The Eleventh Circuit endorsed this "two-tiered" approach to certification of § 216(b) opt-in classes. *See Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (two tiered approach is an effective tool). Numerous District Court cases in this Circuit, including this Court, employ the "two-tiered" approach. *See, e.g., Bishop v. Petro-Chemical Transport, LLC,* 582 F.Supp.2d 1290 (E.D.Cal. 2008); *accord Luque v. AT&t Corp*, 2010 WL 4807088 (N.D. Cal. 2010) (initial step uses a lenient standard); *Kress v. Pricewaterhousecoopers, LLP*, 263 F.R.D. 623 n.3 (accumulating cases following the 2-tier approach); *Wren v. Rgis Inventory Specialists*, 2007 WL 4532218, 5 (N.D.Cal. 2007) (this Court concludes that the appropriate standard for resolving Plaintiffs' conditional certification motion is the more lenient standard that is applied by the majority of courts in addressing this question.) From review of many cases, this two-tier analysis is the most generally accepted. In addition, this is the analysis the Court has employed in similar motions.

    **2.**    **The Case is at the "Notice" Stage**

Gunlund argues that the lenient standard should not be used here because the plaintiff has had

4

1  seven months to conduct pre-certification discovery.

2  Plaintiffs argue that Gunlund's position is meritless because plaintiffs have had only two months
3  to conduct discovery. Plaintiffs note that the case was <u>filed</u> in State court seven months ago, removed
4  five months ago and a scheduling conference held only two months before this motion was filed. (Doc.
5  21, Reply p. 1; Doc. 13, Scheduling order dated 9/8/2010.)

6  Here, the case is at the "notice" stage and not at the second stage. While defendant argues that
7  plaintiffs have conducted discovery for seven months, this argument misstates the time period. A review
8  of the docket shows that this case was removed in June 2010 and until the September 8, 2010 scheduling
9  conference, plaintiff could not engage in discovery. Fed.R.Civ.P. 26(d)(1). Thus, despite defendant's
10 argument stretching the facts, plaintiffs have not had an extended period to conduct discovery. The
11 scheduling order, setting dates for the motion for class certification, was entered on September 8, 2010.
12 This case is at the very early stages of the litigation. Discovery on the merits is underway and far from
13 complete, and the case is not ready for trial. *Morisky v. Public Serv. Elect. and Gas Co.*, 111 F.Supp.2d
14 493 (D. N.J. 2000) (employing a stricter standard in analysis where case was beyond first stage.) Thus,
15 the case is at the notice stage due to the limitation in discovery and pretrial preparation.

16 At the "notice" stage, the representative plaintiffs bear the burden of demonstrating that they and
17 the class members they seek to represent are similarly situated. *Grayson v. K Mart Corp.*, 79 F.3d 1086,
18 1097 (11th Cir. 1996) (The plaintiffs bear the burden of demonstrating a "reasonable basis" for their
19 claim of class-wide discrimination.) This burden, which is not "heavy," may be met by detailed
20 allegations supported by affidavits. *Id.* at 1097. According to *Grayson,* under section 216(b), "plaintiffs
21 bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination, . . .
22 [and] plaintiffs may meet this burden, which is not heavy, by making substantial allegations of
23 class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage
24 defendants' affidavits to the contrary." *Id.* at 1097 (citations omitted); *Sperling v. Hoffman-La Roche,*
25 *Inc.*, 118 F.R.D. 392, 406 (D.N.J.,1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3rd
26 Cir.1988), *aff'd and remanded*, *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482 (1989)
27 ("Plaintiffs have made detailed allegations in their pleadings, and have supported those allegations with
28 affidavits which successfully engage defendant's affidavits to the contrary. Plaintiffs' allegations, as

supported, describe a single decision, policy, or plan of defendant's, infected by a discriminatory aspect which led to the termination or demotion of every member of the class plaintiffs wish to represent, and the reallocation of responsibilities among the remaining, generally younger workers.") Because the court generally has a limited amount of evidence before it, the initial determination is usually made under a fairly lenient standard and typically results in conditional class certification. *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 467 (N.D.Cal. 2004).

### 3. The Evidence in Support of "Similarly Situated"

Plaintiffs submit the declarations of various witnesses in support of the motion.[1] Plaintiffs argue that each employee had similar job requirements. Each declarant states in his/her declaration that he/she was an employee of defendant. Each testifies that he/she was responsible for pruning and typing grape vines. Each testifies that he/she began work at the same time as other field workers and ended at the same time. Each states that he/she worked for defendant, started and stopped working at the same time, performed duties of pruning and tying grape vines and was not paid full wages. (Doc. 16, Declarations, Exh. 2, 3 and 4.)

In addition, the allegations in the complaint state the basis for the collective action. The detailed allegations in the complaint state that plaintiffs are and were employees of Defendant Gunlund and who have not been paid minimum wages for every hour worked. (FAC ¶¶ 3, 44, 91, 92.) The complaint alleges that the members were employed by defendant during the liability period as seasonal workers, who were paid less than minimum wage, through piece meal work, for all the hours that plaintiffs worked. Thus, the allegations are detailed allegations setting out the specific conduct allegedly giving rise to liability.

Plaintiffs argue that each employee suffered similar FLSA violations by Gunlund's pay practices. Each testifies that he/she was paid on piece rate. Each testifies that he/she did not earn minium wage. The piece rate wages did not total the federally mandated minium wage. Thus, the substantial allegations in the complaint supported by the declarations argue in favor of class certification.

---

[1] Plaintiffs submit the declarations of Mariano Primitivo Martinez, Natalia Lopez, and Natalia Bernardo Ramirez.

### 4. "Similarly Situated" Seek to Opt In

Defendants argue that conditional certification is not available unless a plaintiff makes an affirmative showing that there are other individuals who desire to opt into the class, citing *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir.1991). (Doc. 17, Opposition p. 5.) However, this additional requirement at the notice stage has almost never been applied outside of the Eleventh Circuit, and has never been applied in the Ninth Circuit. *See, e.g., Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal 2006) (only discussing similarly situated requirement); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462 (N.D.Cal. 2004) (same). Indeed, at least one district court has identified the language in *Dybach* as "*dicta*" and criticized it for "conflict[ing] with [the] United States Supreme Court's position that the [FLSA] should be liberally 'applied to the furthest reaches consistent with congressional direction.'" *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D.Colo.2002) (quoting *Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985)). *See also Harris v. Vector Marketing Corp.*, 716 F.Supp.2d 835, 839 (N.D. Cal. 2010) ("The fact that other potential class members have not affirmatively stated a desire to opt in does not preclude conditional certification.") The *Dybach* court provided no explanation for requiring plaintiffs to show that other class members desire to opt in, nor does Gunlund indicate why this Court should adopt such a rule. The Court finds the *Dybach* rule inappropriate at the "notice stage." Conditional certification at this stage is designed to provide notice to potential plaintiffs specifically because they might not yet be informed of the action or their ability to participate in it. Accordingly, the Court will not require Plaintiffs to demonstrate other "opt in" plaintiffs at this stage.

Further, even if plaintiff must show that other individuals desire to join in this case, the Court finds plaintiffs have made the minimal showing necessary. Here, approximately 28 plaintiffs have joined this litigation. Each of these plaintiffs worked various seasons for Gunlund between November 2006 and the present. For instance, plaintiff Regino Primitivo Gomez worked for Gunlund between November 2006 and December 3, 2009. (Doc. 11, FAC ¶7.) Plaintiff Zeferino Fernandez Gonzalez worked for Gunlund between November 2003 and December 2009. (Doc. 11, FAC ¶9.) Plaintiff Adelina Bautista worked for Gunlund between November 2008 and December 3, 2009. The number of plaintiffs who have already joined, coupled with the varying time periods these plaintiffs were

employed, gives rise to an inference that additional workers may join, if given notice of the lawsuit.

**B.      Widespread Discriminatory Plan**

Defendant argues that plaintiffs have failed to show a widespread discriminatory plan because they do not allege the piece rate system is, per se, illegal. Instead, defendant notes plaintiffs argue that the piece rate wages did not "total minimum wage." (Doc. 17, Opposition p.8.) Defendant also argue that the plaintiffs have submitted conclusory declarations which do not show a foundation for their statements. Defendant argues that none of the declarations submitted provide foundation that the declarants worked more than 10 hours per day - such as whether their hours varied, how long did they work, and during which months.[2] (Doc. 17, Opposition p. 9.) Defendants rely upon out of Circuit authority that a Fed.R.Civ.P 56 standard should apply to the declarations which support the motion.[3]

**1.      Evidentiary Standard**

This Court rejects the contention that Rule 56 evidentiary standards apply at this stage of the litigation. The evidentiary standard for a Rule 56 motion is higher in part because such motions are made after the completion of discovery. This case, however, is at the beginning of the litigation and to require a higher evidentiary standard at this stage would defeat the purpose of the two stage analysis. Here, the conditional certification is made at the initial stage of the litigation where plaintiffs have not yet had an opportunity to test the factual basis for their claims and compare it to documentary evidence.

Further, the Court finds the declarations have sufficient foundation. There is foundation for the declarant to testify as to whether he or she worked for specific duration, based upon the person's own knowledge of the working experience. There is also a foundation for the declarant to testify as to what he/she saw and believed occurred based upon what he/she saw.

Defendant further argues that plaintiff worked in excess of 10 hours per day lacks credibility, as

---

[2] Defendants filed a late objection to the declarations. (Doc. 24, Objection.) Defendant has made various objections such as lack of personal knowledge, speculation, legal conclusion, and hearsay. The majority of these objections have no merit. For example, the declarants have personal knowledge about their own experiences in the field and personal knowledge as to what they saw and conclusions based thereon.

[3] *Richards v. Computer Sciences Corp.*, 2004 WL 2211691, at *l-2 (D. Conn. Sep. 28, 2004); *Barfield v. New York City Health & Hospitals Corp.*, 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) (anecdotal hearsay is insufficient to established the evidence of a widespread practice); *Dreyer v. Altchem Environmental Servs., Inc*., 2007 U.S. Dist. LEXIS 71048, at *10-11 (D.NJ. Sept. 25, 2007).

8

there is lack of sunlight for 10 hours per day during November through January. Credibility determinations, however, are not made at this stage of the litigation. The Court agrees with plaintiff's argument that fact evaluations of evidence are not for this stage of litigation.

Further, defendant argues that the declarants "worked a dramatically different number of hours from week to week," is not persuasive. In support of its argument that the three declarants were paid more than minimum wage, and worked varying number of hours, defendants offers a chart of total pay by week, for a three week period, for each of the three declarants. (Doc. 17, Opposition p. 10.) The chart does not state the hours worked by employee.

The Court finds that defendant's evidence fails to show that the plaintiffs were dissimilarly situated and not subject to a common policy. This chart does more to establish plaintiff's point - the difference in wages did not account for the number of hours worked. Minimum wage is determined by the number of hours worked. Federal regulations provide that the "regular rate" is determined by dividing total earnings per day by total hours worked that same day. 29 C.F.R. § 778.111 and 778.112; *accord Bay Ridge Co. v. Aaron*, 334 U.S. 446, 464, 68 S.Ct. 1186 (1948) (the rule for determining the regular rate of pay is to divide the wages actually paid by the hours actually worked in any workweek). Defendant's chart does not show the hours worked in relation to minimum wage.

**2.     The Policy Challenged**

Defendant argues that a "piece rate" system is permitted and plaintiff does not allege that the piece rate system was itself an illegal policy or practice. (Doc. 17, Opposition p. 8.)

The evidence must show there is "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Felix v. Davis Moreno Const., Inc.*, 2008 WL 4104261, 5 (E.D.Cal. 2008). Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden. *Id.*

Here, plaintiff does not challenge the piece rate system, per se. It is not the practice of piece-meal payment that is challenged, but the failure to pay a minium wage in spite of the piece meal payment method. The FLSA requires all covered employers to pay their employees at least the federal minimum hourly wage every workweek. 29 U.S.C. § 206. The purpose of the FLSA is "to ensure that each [covered] employee ... would receive '[a] fair day's pay for a fair day's work' and would be protected

from the evil of 'overwork' as well as 'underpay.'" *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1150 (9th Cir.), *cert. denied,* 531 U.S. 929 (2000).

Plaintiff has shown through declarations that the employees worked similar hours in the field and they worked similar job functions. The declarations show that the employees were paid piece rate wages, which defendant does not dispute. The evidence states that wages paid totaled less than minimum wage. While defendant disputes plaintiff's evidence that the employees were paid less than minimum wage (doc. 17, Opposition p.10), the merits of the action are not at issue in this motion.

### 3. Manageability of Class Claims

Defendant argues that the claims are not manageable on a class wide basis because the individual issues predominate. Defendant argues that plaintiffs must prove their claims through separate mini-trials because whether a particular employee earned less than the federal minium wage will turn on numerous factual determinations.[4] (Doc. 17 Opposition p. 13-14.) Defendants' argument is that an individualized inquiry will need to be made.

Individualized injuries are better addressed at the second stage of class certification. *Luque v. AT & T Corp.*, 2010 WL 4807088 (N.D.Cal. 2010) ("[t]o the extent there may be some individualized inquiries about the level of control actually exercised [by the company], ... individualized inquiries such as this are better to address a the second stage of certification rather than the first."); *see Harris v. Vector Marketing Corp.*, 716 F.Supp.2d 835, 841 (N.D.Cal. 2010) (collecting cases that the need for individualized inquiry is more appropriate at second stage).

Defendants cite two out of circuit cases for the proposition that mini-trials of each plaintiff's worked hours will not preserve judicial resources. *Robinson v. Dolgencorp, Inc.,* 2006 WL 3360944 (M.D. Fla 2006) and *Jimenez v. Lakeside Pic-N-Pac, L.L.C.*, 2007 WL 4454295 (W.D. Mich.2007). *Jimenez* is distinguishable because the court considered that the plaintiffs had six-months to conduct discovery on the issue of "similarly situated" plaintiffs. *Jimenez* has not been followed in this district. *See Kress v. PricewaterhouseCoopers*, LLP, 263 F.R.D. 623, 629 (E.D.Cal. Nov 25, 2009). *Robinson*

---

[4] Defendants also asked for an opportunity to depose the three declarants on the substance of their declarations and then submit supplemental briefing. Defendant will have an opportunity to depose the declarants during the normal course of the litigation. As facts and circumstances become more defined, a motion for decertification may be appropriate.

10

is also distinguishable. The court refused to conditionally certify a collective action based upon an unofficial policy of "working off the clock," where the class had different job duties and plaintiff introduced only two declarations alleging the same violations. Here, defendant has an official policy of piece rate pay and 28 plaintiffs have joined the action.

Here, the individualized inquiry as to the amount of hours each plaintiff worked is an issue to be raised during the second stage of the certification process.

The Court finds that the allegations in plaintiffs' complaint, coupled with their declarations which aver they regularly worked without minimum wage compensation, and that all of the laborers with whom they worked, worked similar hours and were not paid minimum wages, meet the plaintiffs' threshold burden. For purposes of the first tier of the two-tier analysis, plaintiffs have established they are similarly situated to other plaintiffs employed by Gunlund for purposes of Section 216(b) conditional certification and notice. Plaintiffs have made substantial allegations that Gunlund had a policy or plan which deprived the plaintiffs of minimum pay in violation of the FLSA. The fact intensive inquiries concerning whether the plaintiffs worked which particular hours, and detailed analysis of whether the plaintiffs are sufficiently similarly situated to maintain the class, are more appropriately decided after notice has been given, the deadline to opt in has passed, and discovery has closed. Once discovery has been completed, the defendants may move to decertify the collective action class on a fully developed record.

**C.      Notice to Potential Class Members**

Plaintiffs ask the court to approve the notice to be provided to potential class members. Plaintiff attaches a proposed "Notice," both in English and in Spanish, as Exh. 1 to plaintiffs' moving papers.

Defendant objects to the Notice on several grounds, as follows:

1. Strike the language referring to plaintiffs' state law claims and remedies as they are not recoverable under FLSA;
2. Limit the scope of class description to piece work pruning between November and January from January 1, 2007 to the present;
3. Restrict plaintiffs' attorney's ability to communicate with opt in plaintiffs;
4. Reject advertisement in the Spanish language media as conflicting with California's ethical rules governing solicitation and advertising;

1    5.  Describe defendant's defenses in the notice;

2    6.  State opt in plaintiffs' may be liable for defendant's costs;

3    7.  Disclose only names and last known addresses and within a reasonable period.

This Court has authority to facilitate notice to potential class members. The Supreme Court has held that court authorization and facilitation of the notice process of such actions, under certain circumstances, is proper, "if not necessary." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 486 (1989) (approval of court facilitation in ADEA cases[5]). In this case, it is undisputed that this Court has authority to facilitate notice to potential class members. Pursuant to *Hoffmann-LaRoche Inc. v. Sperling,* the Court has discretion and "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-171, 110 S.Ct. 482.

**1.  Strike the Language Referring to Plaintiffs' State Law Claims**

Defendant objects to the language in the notice which refers to plaintiff's state law claims and remedies. Plaintiff argues that the reference to the state law claims is appropriate because the notice accurately describes the pending litigation and plaintiffs' causes of action.

The notice refers to California laws in 2-3 sections: "Description of Lawsuit;" "Time Limit in Which to File a Claim," and "No retaliation or Discrimination is Permitted." The Court agrees with defendant. This collective action is being conditionally certified under Federal wage law and not under any California law. Reference to California law, even for informational purposes, can be misleading and confusing. Accordingly, the language referring to California law and remedies is stricken.

**2.  Limit Scope of the Class Description to Piece Work**

Defendant argues that the notice misstates the scope of the litigation in that piece work pruners only worked between November and January. Defendant argues that the notice misstates the time period as: "worked at any time from May 22, 2006 to the present and believe you were not paid all of the waged you were owed . . ." Defendant argues that the FLSA claim concerns only minium wages and overtime claims and should be limited to January 1, 2007, which is four years before the notice.

---

[5] The ADEA incorporates enforcement provisions of the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.). One of the incorporated provisions is the collective action provided by the FLSA (29 U.S.C. § 216(b).)

Defendant's argument is bootstrapping a challenge to the class definition by challenging the class notice identifying the purported class. Defendant has not proposed any other language or identified how this language is misleading, and confusing. In any event, the notice identifies that "work involving the pruning and tying of vines" is the subject of the class. The notice identifies the work which is the subject of the class action.

Further, the court will not limit the time frame as proposed by defendant. Presumably, if there was not any pruning or tying of vines in other months, there will not be any potential liability.

### 3. Restrict Communication with Opt in Plaintiffs

Defendants ask the Court to restrict plaintiffs' attorney's ability to communicate with opt in plaintiffs.

The Court denies that request as workable. Under the FLSA, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. 29 U.S.C. § 216(b). Opt in plaintiffs will be represented by plaintiffs' attorney, unless the opt in plaintiff retains their own attorney.

### 4. Advertisement in Spanish Media

Plaintiffs want to publish the Notice in a Spanish and also through a "Spanish language media." Defendant objects on the grounds that advertisement in the Spanish language media is unethical solicitation and advertising. Defendant cites Cal.Rule Prof. Conduct 1-320 (Neither a member nor a law firm shall directly or indirectly share legal fees with a person who is not a lawyer) and 1-400 (advertising and solicitation)

Two of the goals of court facilitation of notice to potential class members are the "goal(s) of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. at 173. The goal of avoiding multiplicity of duplicative suits is fostered by providing as much notice of the action as is practicable. *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

Defendant acknowledges that potential class members require to be notified of this action, but

appears to oppose any method of notice other than direct mailing.

Defendant has not cited any authority for the proposition that a generally accepted method of providing notice to class members violates the Code of Professional Responsibility. The Court declines to go down a path for which no controlling case authority is provided. The Supreme Court has held that the benefits of collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action. . ." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. at 170-171.

### 5. **Describe Defendant's Defenses**

Defendant argues that the notice is one-sided and should describe the defendant's defenses. Plaintiff argues that defendant wants to include its defenses to chill participation.

The Court agrees with defendant, to an extent. The notice should contain as the last sentence in the "Description of the Lawsuit," the following:

> "Defendant H&R GUNLAND RANCHES, INC. denies all of the allegations in the lawsuit and denies that it owes or that plaintiffs are entitled to any other compensation or damages."

### 6. **The Cost Shifting Language**

Defendant request that the Notice contain language alerting the class members that costs may be awarded against them. Plaintiff opposes this language. The parties do not cite any cases, and the Court's own research did not disclose that the Ninth Circuit has addressed the issue.

The FLSA, 29 U.S.C. section 216(b), provides in pertinent part for the award of costs in an overtime compensation action:

> "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Fed.R.Civ.Proc. 54(d)(1) provides for recovery of costs to a prevailing party in the Court's discretion:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . .

Out of circuit cases are instructive. In *Herrera v. Unified Management Corp.*, 6 WH Cases 2d 922 (N.D. Ill 2000) and *Jackson v. Go-Tane Services, Inc.*, 6 WH Cases 2d 679 (N.D. Ill. 2000), the courts held that the notices need not contain cost-shifting language. In both *Herrera* and *Jackson*,

plaintiffs sought certification of a collective action and requested giving notice to potential class members. Defendant objected to plaintiffs' proposed class notice on the grounds, among others, that "it fails to inform the potential plaintiffs that if they loose, they could be assessed court costs and fees." Each case was decided by the same judge on consecutive days. The court denied defendant's objection finding that "inclusion of such a statement would unreasonably chill participation in this action by potential class members." The court further noted that "potential class members interested in retaining the services of plaintiffs' counsel will undoubtedly inquire on their own." Thus, the court put the onus on the class members to inquire about his/her potential exposure in joining the class.

In *Garcia v. Elite Labor Serv., Ltd.*, 1996 U.S.Dist. Lexis 9824 (N.D. Ill 1996), the Court included the cost shifting language in the Notice. In *Garcia*, plaintiff filed a proposed collective action under FLSA. Plaintiffs moved for approval of the class notice. The court found that the proposed notice "promised too much in that it: assures [class members] they will not have to pay any costs or fees . . ." The court modified the language to state:

> "If you are represented by plaintiff's attorneys, their costs and fees will be paid out of any recover against Elite. However if you do not prevail on your claim, court costs and expenses may possibly be assessed against you. If you wish to be represented by other counsel you may retain anther attorney, but you will be responsible for paying that attorney."

Here, the proposed Notice language as currently stated is somewhat misleading:

> "Regino Primitivo Gomez and the other Plaintiffs are represented by CRLA, Inc, a non-profit organization and Talamantes/Villegas/Carrer, LLP, a private law firm in San Francisco. CRLA, Inc. and Talamantes/Villegas/Carrer, LLP, will seek an award of attorneys' fees and award of costs from the court.

The current wording is what the *Garcia* court was concerned about; implying that the class will be awarded fees and costs. It promises too much.

An additional sentence should be added to state:

> "If the class does not prevail, costs and fees will be determined by federal statute and/or the contractual agreement you have with your attorney."

**7.     Names and Addresses**

Plaintiffs request that this Court require defendant to provide the names and last known addresses

of potential class members within fourteen (14) days. Plaintiffs also request that Defendant be required to post copies of the notice at each field where former workers may be currently working for defendants. Plaintiffs argue that such posting is reasonably calculated to reach works that direct mail may not, due to the migrant nature of the work. Defendant argues that fourteen days is unreasonable time, given the holidays and the "busy season" for defendant. Defendant argues it should only have to provide the names and addresses.

This Court has the authority to require disclosure of the names and last known addresses of class members. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. at 170-171, 110 S.Ct. 482 ("Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." ) The issues raised by the parties are regarding the "distribution" the Notice. This type of issue has not been addressed by the Ninth Circuit, and the parties did not cite to any controlling authority. Pursuant to *Hoffmann-LaRoche Inc. v. Sperling,* the Court has discretion and "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-171, 110 S.Ct. 482.

Defendant does not object to providing the names and addresses. Accordingly, defendant shall provide the names and address within 28 days of the date of service of this order. In addition, defendant shall post the notice in locations reasonably calculated to provide notice to current workers. Given the migrant nature of the work at issue here, it is reasonable to conclude that prior workers would return to defendant. Therefore, Defendant shall post a copy of the notice in English and Spanish on a prominently located bulletin board or in a location easily and customarily accessible by employees in all defendant fields. Defendant shall post the notice within five working days after plaintiff has served the revised notice on defendant.

/////
/////
/////
/////

**CONCLUSION**

For all the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for certification of a collective action is GRANTED

2. Plaintiff's motion for facilitation of notice to class members is GRANTED, as more fully set forth in the order.

IT IS SO ORDERED.

Dated:    **December 16, 2010**              **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE