**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

REGINO PRIMITIVO GOMEZ, et al.,

Plaintiffs,

vs.

H & R GUNLUND RANCHES, INC.,

Defendant.

_______________________________________/

CASE NO. CV F 10-1163 LJO MJS

**NOTICE RE ISSUES FOR FINAL SETTLEMENT HEARING**

This Court has read and reviewed Plaintiffs' unopposed motion for approval of settlement in this FLSA class action suit. This motion is set for a hearing, pursuant to this Court's October 7, 2011Order to Set Final Approval of Settlement and Fees Hearing, to take place on November 15, 2011 in Courtroom 4 (LJO). This Court NOTIFIES counsel that it is not inclined to approve the stipulated amount of attorneys' fees, for the following reasons:

Class counsel request attorneys' fees in an amount of $497, 191.50, with additional fees expected to administer the settlement. The parties arrive at this amount using the Lodestar method rather than the common fund method. Applying the common fund method, the amount of attorneys fees' sought equals 45% of the settlement fund.

This Court has discretion to apply either the Lodestar method or common fund method. The "choice between lodestar and percentage calculation depends on the circumstances[.]" *Six Mexican*

*Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Either "method may . . . have its place in determining what would be reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig*., 105 F.3d 602, 607 (9th Cir. 1997). In using either method of attorneys' fees calculation, "[r]easonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion."*Id*.

The Court is not inclined to use the lodestar method. Instead, it intends to use the "primary basis of a fee award" which is the "percentage method" or common fund method. See, *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1050 (9th Cir. 2002). As set forth above, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers*, 904 F.2d at 1311.

Here, this Court finds that the parties have not established that circumstances require this Court to use the lodestar method. Several factors favor use of the common fund method. These factors include the short length of the proceedings (only one year), the relatively low complexity of the legal issue (one FLSA claim of unpaid wages), the small size of the class (82 members), the relatively low complexity of discovery (informal discovery propounded, discovery deadlines stayed to allow parties to pursue resolution), the difficulty in determining the reasonableness of the lodestar calculation (plaintiffs counsel failed to submit records and requested the Court's assistance to determine a reasonable way to submit the voluminous records), and class counsel's reliance on evidence of hourly rates outside our forum. For these reasons, this Court intends to use the common fund percentage calculation, not the lodestar method.

In addition, this Court it not inclined to increase the benchmark from 25% to the requested 45%. The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). The Court considers that the purpose of the attorney fee provision of FLSA to promote the policy that prevailing employees not incur expenses in enforcing their rights under the Act; that policy is achieved, in action by union on behalf of workers, by award that adequately, but not overly,

compensates union for having undertaken their representation. *Sabey v United States*, 6 Cl Ct 36 (1984). This policy does not contain element of encouragement of suits to vindicate fundamental rights, as does Civil Rights Attorney's Fees Awards Act of 1976, nor punitive element as contained in Equal Access to Justice Act. *Id*. The Court considers the following factors to support the benchmark: (1) this litigation was not protracted, having been settled in about a year; (2) the parties did not engaged in extensive discovery; (3) the size of the class is small; (4) the complexity of the legal issue is low; and (5) the parties did not engaged in protracted law and motion practice. The Court acknowledges because communication with the plaintiffs was difficult, the following factors that support an increase from the benchmark: (1) none of the plaintiffs speaks English fluently; (2) none of the plaintiffs has familiarity with the United States civil legal system; (3) plaintiffs were spread out across a large territory and frequently moved; (5) many of the plaintiffs had low literacy levels in their mother languages. In addition, class counsel has demonstrated that they engaged in claim administration and that they deserve compensation for that administration.

For the foregoing reasons, this Court is inclined to grant an award of attorneys fees, including claim administration expenses, in the amount of 35% of the settlement fund, or $320,250. The Court is inclined to approve all other terms of the settlement agreement. Because final approval of the settlement agreement is an "all or nothing" proposition, **this Court requests the parties to submit a response or supplemental briefing to this Court's notice no later than Monday, November 14, 2011 at 2:00 p.m.**

IT IS SO ORDERED.

**Dated: November 9, 2011** **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE